BARBARA JEAN THORNTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thornton v. Commissioner
Docket No. 17037-90
United States Tax Court
T.C. Memo 1992-286; 1992 Tax Ct. Memo LEXIS 308; 63 T.C.M. (CCH) 3030; May 19, 1992, Filed *308 Decision will be entered under Rule 155. Barbara Jean Thornton, pro se. Patricia A. Evans and Eric M. Nemeth, for respondent. CANTREL
CANTREL
MEMORANDUM FINDINGS OF FACT AND OPINION CANTREL, Special Trial Judge: This case was assigned and heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1]
In her notice of deficiency issued to petitioner, respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1986 in the amount of $ 5,742. The issue for decision is whether $ 26,397.64 received by petitioner during 1986 from her ex-husband pursuant to a divorce decree constitutes taxable alimony. [2]
*309 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibit are incorporated herein by this reference. Petitioner resided at 31904 Bradner Drive, Warren, Michigan, on the date she filed her petition herein. She timely filed an individual 1986 Federal income tax return with the Internal Revenue Service, Cincinnati, Ohio. That return was prepared by an income tax preparer on the basis of information supplied by petitioner. On line 11 of the return petitioner reported that she received alimony in the amount of $ 4,950. She claimed only one exemption for herself. Petitioner was divorced from Mark Thornton (Mr. Thornton) on August 30, 1982, pursuant to a Default Judgment of Divorce entered in the Circuit Court for the County of Macomb, Michigan. Petitioner was the plaintiff in the divorce action and Mr. Thornton was the defendant. On the date of the divorce they were the parents of five minor children. Their names, birth dates, and ages on January 1, 1986, were as follows: Name
Date of Birth
Age on January 1, 1986
Anne
June 12, 1966
19
Karen
November 5, 1967
18
Donald
January 2, 1969
16
Colleen
January 24, 1973
12
Jeffrey
February 6, 1975
10
*310 The Judgment of Divorce reads in pertinent part: DISSOLUTION OF MARRIAGE
IT IS HEREBY ORDERED AND ADJUDGED and this Court by virtue of the authority therein vested, and in pursuance of the statute in such case made and provided, does Order and Adjudge that the marriage between the parties shall be and the same hereby is dissolved and a divorce from the bonds of matrimony between said parties is also Ordered and Adjudged. CHILD CUSTODY
IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff shall have the care and custody of the minor children of the parties until each child reaches the age of eighteen (18), or until further Order of the Court. * * * CHILD SUPPORT AND HEALTH CARE
IT IS FURTHER ORDERED AND ADJUDGED that the Defendant shall pay to the Plaintiff, through the office of the Friend of the Court, in advance, for the support and maintenance of the five (5) minor children of the parties, the sum of Six Hundred and no/100 ($ 600.00) Dollars per annum, or such sum as shall be equivalent to Six Hundred and no/100 ($ 600.00) Dollars per annum on a weekly basis for each child until each child reaches the age of eighteen (18) years or until further Order of *311 the Court. * * * IT IS FURTHER ORDERED AND ADJUDGED that the Defendant Husband shall be entitled to take all applicable dependency exemptions for the minor children of the parties for income tax purposes. NOTIFICATION: CHANGE OF DEFENDANT'S ADDRESS
* * * The Defendant * * * shall notify the office of the Friend of the Court of any change of address hereafter, while any support or alimony shall be due and owing under the support or alimony provisions of this Judgment. * * * WAGE ASSIGNMENT
IT IS FURTHER ORDERED AND ADJUDGED that the Defendant shall at all times, while he is employed, make any and all child support and alimony payments provided for by this Judgment through the office of the Friend of the Court, by wage assignment directed to his employer. * * * ALIMONY
IT IS FURTHER ORDERED AND ADJUDGED that the Defendant pay to the office of the Friend of the Court, as alimony for the Plantiff, effective July 1, 1982, and thereafter, the following annual sums of money: Thirty Six Thousand Six Hundred and no/100 ($ 36,600.00) Dollars, so long as five (5) minor children are in the physical custody of the Plaintiff; Thirty Four Thousand Three Hundred Fifty and no/100 *312 ($ 34,350.00) Dollars, so long as four (4) minor children are in the physical custody of the Plaintiff; Thirty Thousand Four Hundred Fifty and no/100 ($ 30,450.00) Dollars, so long as three (3) minor children are in the physical custody of the Plaintiff; Twenty Three Thousand Two Hundred Fifty and no/100 ($ 23,250.00) Dollars, so long as two (2) minor children are in the physical custody of the Plaintiff; Sixteen Thousand Fifty and no/100 ($ 16,050.00) Dollars, so long as one (1) minor child is in the physical custody of the Plaintiff; Four Thousand Nine Hundred Fifty and no/100 ($ 4,950.00) Dollars, thereafter. IT IS FURTHER ORDERED AND ADJUDGED that in the event the Plaintiff remarries, then the alimony shall be reduced by the sum of Four Thousand Nine Hundred Fifty and no/100 ($ 4,950.00) Dollars. IT IS FURTHER ORDERED AND ADJUDGED that any alimony payable hereunder shall cease on the death of the Plaintiff.
The divorce decree has never been modified. The parties stipulated that during 1986, petitioner received $ 31,347.64 from Mr. Thornton pursuant to the decree. OPINION Petitioner contends that only $ 4,950 of the amount she received from Mr. Thornton in 1986 is *313 alimony. The balance of $ 26,397.64, according to petitioner, was intended as child support and was used as child support and should be considered child support. Respondent maintains that the entire $ 31,347.64 is alimony. [3] With a modification, we agree with respondent. The Tax Reform Act of 1984 (the Act), Pub. L. 98-369, 98 Stat. 795, extensively changed the alimony rules effective for divorce decrees executed after December 31, 1984. The Act also applied to any divorce decree that was entered prior to January 1, 1985, if it was modified on or after that date and the modification expressly provided that the changes made by the Act will apply to the modification. . Here, the divorce decree was executed on August 30, 1982, and it has never been modified. Thus, the laws in effect *314 prior to the Act govern the divorce decree in this case. Section 71(a)(1) provides in pertinent part that a wife's gross income includes periodic payments received in discharge of a legal obligation imposed on a husband under a divorce decree. However, section 71(b) provides that section 71(a) does not apply to any payment which the terms of the divorce decree or agreement designate as child support. In addition, where payments of both alimony and child support are provided for and the amount paid is less than the amount specified in the decree, section 71(b) further provides that so much of said payment as does not exceed the sum payable for child support shall be considered as payment for such support. ; . Child support cannot be inferred from intent, surrounding circumstances, or other subjective criteria for purposes of section 71. Rather, the statutory directive that child support payments be "fixed" is taken literally. The Supreme Court in , examined the legislative history and *315 quoted from the report of the Office of the Legislative Counsel to the Senate Committee, which said: "If an amount is specified in the decree of divorce attributable to the support of minor children, that amount is not income of the wife * * *. If, however, that amount paid the wife includes the support of children, but no amount is specified for the support of the children, the entire amount goes into the income of the wife * * *."
Hearings before the Senate Committee on Finance on H.R. 7378, 77th Cong., 2d Sess. 48, as quoted in . The Court went on to conclude: This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on *316 the whole payment. We are obliged to enforce this mandate of the Congress. [.]
In applying the principle of , this Court has repeatedly refused to allow inference, intent, or other nonspecific designations of payments as child support, to override the clear rule of section 71. See , and cases cited therein. Here, in the section of the decree designated "Alimony", by court order the amounts to be paid to petitioner were to be paid as alimony. Additionally, the decree contained a separate paragraph specifically designating fixed child support payments of $ 600 per annum for each child until that child reached the age of 18. Since only Anne and Karen reached the age of 18 prior to 1986, child support payments aggregating $ 1,800 were payable to petitioner in 1986. Although it's far from clear on this record how many minor children were in petitioner's custody during 1986, we assume for purposes of this opinion, that three such children were in her custody throughout 1986. That being the case, Mr. *317 Thornton should have paid petitioner $ 30,450 as alimony in 1986. Thus, for child support and alimony, Mr. Thornton should have paid petitioner $ 32,250 in 1986. The parties have stipulated that Mr. Thornton paid petitioner $ 31,347.64 in 1986 pursuant to the decree. That was $ 902.36 less than the decree called for. Since the amount paid was less than the amount specified in the decree, respondent should reduce his net adjustment of $ 26,397.64 by $ 1,800, the amount paid for the support of the minor chlldren. Decision will be entered under Rule 155.
Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The other adjustments in the deficiency notice are automatic depending on the adjusted gross income finally determined.↩
3. In her deficiency notice respondent has given petitioner credit for the $ 4,950, which she reported as alimony on her 1986 return, leaving a net adjustment of $ 26,397.64.↩